NOT FOR PUBLICATION

FILED

DEC 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIO MARTINEZ ARIAS,<br><br>　　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>A. JOHAL, Medical Doctor at North Kern State Prison; et al.,<br><br>　　　　　　Defendants-Appellees. | No. 16-16128<br><br>D.C. No. 1:14-cv-00764-LJO-DLB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted December 14, 2016[**]

Before:　WALLACE, LEAVY, and FISHER, Circuit Judges.

Mario Martinez Arias, a California state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C.

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo a dismissal for failure to state a claim under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii). *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm in part, reverse in part, and remand.

The district court properly dismissed Arias' deliberate indifference claims against defendants Dr. Smith and Dr. Shittu because Arias failed to allege facts sufficient to show that either Dr. Smith or Dr. Shittu knew of and disregarded an excessive risk to Arias' health. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-58 (9th Cir. 2004) (setting forth elements of deliberate indifference; a prison official acts with deliberate indifference only if the official knows of and disregards an excessive risk to inmate health).

However, dismissal of Arias' deliberate indifference claim against Dr. Johal was improper. Arias alleged in his amended complaint that Dr. Johal refused to change the dressing or clean his wound and failed to prescribe antibiotics despite signs of infection. These allegations are sufficient to state a claim of deliberate indifference against Dr. Johal. *See id.* Accordingly, we reverse the judgment in part, and remand for further proceedings.

**AFFIRMED in part, REVERSED in part, and REMANDED.**